J. R. HARRIS, *as Sheriff of Harper County, et al.*, v.
THE ANTHONY SALT COMPANY.

No. 8487.

PREMATURE TRIAL — *New Trial.* Where the plaintiffs in error, who
were defendants below, were required, over their objection, to de-
fend the cause upon its merits at a term when it was not triable
except by consent, and before the issues were framed, *held,* that
a new trial ought to be granted.

*Error from Harper District Court.*
*Hon. G. W. McKay, Judge.*

REVERSED AND REMANDED.          OPINION FILED JUNE 6, 1896.

STATEMENT BY THE COURT.

ON December 15, 1891, the Anthony Salt Company
filed its petition against J. R. Harris, as sheriff, to en-
join him from selling a quarter-section of land which
had been advertised for sale to satisfy a judgment in
favor of Mary H. and R. J. Simpson against W. H.
Hurd, it being alleged that the land did not belong to
Hurd at the time that the Simpsons obtained their
judgment against him, and that the salt company was
the owner thereof.  On December 18, the salt com-
pany, upon due notice to the sheriff, applied for and
obtained a restraining order against the sale.   The
court did not fix the amount of a bond to be given as
required by section 242 of the civil code upon a tem-
porary injunction, but the plaintiff gave bond in the
sum of $500, with sureties approved by the clerk, De-
cember 26, 1891.   A copy of the restraining order was
duly served on the sheriff.   On January 13, 1892, the
sheriff filed a demurrer to the petition on the ground
of insufficiency of facts and because of a defect of par-
ties defendant.   On January 26, 1892, said demurrer
was overruled as to the first ground and sustained as
to the second, and leave was granted to the plaintiff

to amend its petition by making the Anthony National Bank an additional defendant, and the amendment was made instanter only by adding the name of the bank in the title as a defendant. No mention of the bank was made in the body of the petition nor did it appear therefrom that the Simpson judgment had ever been assigned. The cause then came on to be heard on the motion for an injunction, and evidence was offered in support thereof. On January 27, 1892, the bank entered its appearence and was granted 20 days thereafter to plead to the amended petition. Before the close of the plaintiff's evidence the sheriff objected to proceeding to trial for a permanent injunction on the ground that no temporary injunction had been issued, but only a restraining order, and that the time was fixed for the hearing for a temporary injunction; but the objection was overruled, the sheriff excepting, and the hearing of evidence on each side proceeded until January 28, when the matter was continued for argument until February 1, and the defendants requesting conclusions of fact and of law, the same were made and filed on February 2. The defendants then requested further findings, and the court made additional findings on February 3. The Anthony National Bank next filed its demurrer on the ground of insufficiency of facts, which was overruled by the court, the bank excepting. The sheriff and the bank filed their motion for a new trial, which was overruled, subject to their exception, and the bank objected to the rendering or entering of judgment against it because it had not had its day in court, but this objection was overruled, subject to the exception of the bank. Thereupon final judgment was rendered in the action perpetually enjoining the sheriff and the bank from selling said quarter-section of land, to which

judgment and decision the sheriff and the bank excepted.

*James P. Grove, Richard B. Shepard,* and *Harrison O. Shepard,* for plaintiffs in error.

*Geo. B. Crooker,* for defendant in error.

The opinion of the court was delivered by

MARTIN, C. J. : The proceedings in this case were very irregular. The action was commenced December 15, 1891, and the first term of the court thereafter was fixed for the first Tuesday of January, 1892. The pleadings were not made up, and the time for framing the issues had not expired. The action was not triable at the January term except by consent of parties. (§ 315, Code.) The order granted on December 18 was called a restraining order, and not a temporary injunction, and the fact that no bond was fixed by the court indicated that a temporary injunction was not contemplated ; but however this may be, the court was not justified in forcing the defendants into a final trial at the January term and before the issues were made up. It seems probable from the record that the defendants did not understand that a trial was taking place on the merits until the proceeding was well under way, and both objected to such a summary disposition of the case. The ruling of the court on the demurrer of the sheriff was correct, but the amendment of the petition was of no avail, for no allegation was made connecting the Anthony National Bank with the cause of action in any way, and the court erred in overruling its demurrer. Looking at the record as now presented, it would appear that substantial justice was done so far as the litigation related to the 140 acres for which the

National Bank v. Branch.

salt company obtained a deed.    But as the case was tried without issues of fact being framed, and before the defendants were bound to anticipate that a trial on the merits would be had, we cannot say that they were not prejudiced by reason of the hasty and summary action of the court.    Leave should be granted to all parties to file amended pleadings with a view to a trial upon issues of fact.

The judgment will be reversed, and the cause remanded for further proceedings in accordance with this opinion.

All the Justices concurring.