No. 37,936

FRED BRACK, *Appellant*, v. WALTER KLEWENO, *Appellee*, and VIRGIL BARROW, Intervenor, *Appellee*.

No. 37,719

FRED BRACK, *Appellant*, v. WALTER KLEWENO, *Appellee*, and B. F. SCHEUERMAN, Intervenor, *Appellee*.

No. 37,801

FRED BRACK, *Appellant*, v. WALTER KLEWENO, *Appellee*, and THE WHEAT GROWERS MUTUAL HAIL INSURANCE COMPANY, Intervenor, *Appellee*.

(216 P. 2d 794)

Opinion filed April 8, 1950.

*Hal C. Davis* and *W. Kenneth Wilke,* both of Topeka, argued the cause, and *Neil Hotchkiss,* of La Crosse, was with them on the briefs for appellant.

*J. H. Jenson,* of Oakley, argued the cause, and *Corwin C. Spencer,* of Oakley, was with him on the briefs for appellee, Virgil Barrow.

*Ray McCombs,* of Ness City, argued the cause, and was on the briefs for appellee, B. F. Scheuerman.

*Tom Harkness,* of Ness City, argued the cause, and was on the briefs for appellee, The Wheat Growers Mutual Hail Insurance Company.

*W. S. Norris,* of Salina, argued the cause, and was on the briefs for appellee, Walter Kleweno.

The opinion of the court was delivered by

PRICE, J.: These consolidated appeals are from orders of the lower court sustaining demurrers of three intervening petitioners to the evidence of plaintiff and rendering judgment in favor of each intervenor adjudging each of their claims to be a prior lien on moneys in the hands of a receiver in an action originally commenced by plaintiff Brack against defendant Kleweno for the appointment of a receiver and for an accounting of the funds derived from a wheat farming partnership and for a dissolution of such partnership.

The action was commenced in June, 1948, and the petition alleged that plaintiff and defendant had entered into a partnership or joint venture to farm a large acreage of wheat land in Ness and Greeley counties, Kansas; that defendant had not submitted a satisfactory accounting, although demand for the same had been made and that the latter had threatened to convert the partnership wheat. The prayer was for the appointment of a receiver to take charge of, harvest and sell the wheat; for an accounting of the profits of the partnership and for a dissolution of the same. A receiver was appointed who harvested and sold the wheat and he now holds the proceeds subject to court order.

In this action each of three intervenors filed an answer and cross petition which briefly summarized is as follows:

The answer and cross petition of intervenor Barrow alleges that on May 18, May 26 and May 31, 1948, defendant Kleweno executed and delivered to him his promissory notes in the amount of $10,000, $10,645 and $4,075, respectively, and a chattel mortgage dated May 18, 1948, in the amount of $52,000 on defendant's interest in the wheat in question, such mortgage being given to secure the payment of the above first mentioned promissory note and future advances made by Barrow to defendant. This mortgage was

duly filed on May 19, 1948. The prayer was for judgment against defendant in the amount of the three promissory notes, with interest, and for a further order adjudging Barrow to have a first and prior mortgage lien on the wheat or the proceeds thereof, and for an order directing the receiver to pay the amount of such lien out of the proceeds in his hands.

Intervenor Scheuerman's answer and cross petition alleges the execution and delivery by defendant Kleweno to him, on May 14, 1948, as agent for Cimarron Insurance Company, of a promissory note secured by chattel mortgage on defendant's interest in the wheat in question. This mortgage was duly filed six days later. The note was given for a hail insurance premium and a balance of $194.40, with interest, was claimed to be due.

The answer and cross petition of intervenor, The Wheat Growers Mutual Hail Insurance Company, alleges the execution and delivery to it by defendant Kleweno on April 23, 1948, of a promissory note secured by chattel mortgage, duly filed four days later, on defendant's interest in the wheat in question. This note was also given in payment of a hail insurance premium and a balance of $512, with interest, was claimed to be due.

Both of these last two mentioned intervenors also prayed for judgment in the amount of their respective claims and for a further order adjudging each to be a first and prior lien on the wheat or the proceeds thereof, and for an order directing the receiver to satisfy such claims out of moneys in his hands.

Plaintiff Brack filed his denial and answer to each of the three intervening petitions, in substance alleging that if such claims existed they were against defendant Kleweno individually and in no way affected plaintiff's interest in the proceeds in the hands of the receiver.

Defendant Kleweno answered admitting all allegations of the intervening petitions. Other pleadings were filed by the various parties and after issues were fully joined the court proceeded to try the cause without a jury.

Testimony was taken in support of the claim of each intervenor and at the conclusion of plaintiff's evidence in opposition thereto the demurrer of each intervenor was sustained. The court made extensive findings of fact which, for the purpose of these appeals, were in substance as follows:

With respect to intervenor Barrow's claim the court found that in June, 1947, the defendant became indebted for machinery and

other expense in connection with the farming operations and in that month borrowed the sum of $10,000 from Barrow with which to pay such indebtedness; that the note of May 18, 1948, was given for that loan, and that the farm partnership between plaintiff and defendant received the benefits of this loan and therefore should be charged with the indebtedness. As to the later advancements by Barrow to defendant, evidenced by the other two notes heretofore referred to, the court found that this indebtedness was not used or borrowed for the farming operations. Pursuant to this finding the court ordered the receiver to pay to Barrow the amount of the $10,000 note of May 18, together with interest. In passing it should be noted that Barrow makes no complaint and has not appealed from the lower court's order denying his claim as to the other two notes in question.

As to the claims of the other two intervenors, based on promissory notes secured by chattel mortgages given for hail insurance premiums, the court found that the policies, although taken out in the name of defendant, were on partnership growing wheat and therefore should be satisfied out of the moneys in the hands of the receiver and he was also directed and ordered to make these payments accordingly—hence these appeals.

At this point we pause to take note of defendant Kleweno's motion to dismiss the three appeals. We have examined this motion and without further comment find it to be without merit, and it is therefore denied.

We pass now to the various complaints and grounds urged by plaintiff Brack in support of his position. In passing it should be stated that all issues between all parties to this lawsuit were fully and completely adjudicated by the lower court. Plaintiff Brack's appeal from the judgment rendered in the main action between him and defendant Kleweno is pending in this court and nothing in this opinion is to be interpreted as having any bearing on the merits of that phase of the case. We confine ourselves to the orders of the lower court with reference to the claims of the three intervenors.

Plaintiff strenuously argues that the lower court erred in proceeding to hear and determine the claims of the intervenors prior to adjudicating the main issue between plaintiff and defendant. One answer to such contention is that in the nature of things there had to be a starting point and our examination of the lengthy record before us clearly shows that the lower court had in mind and did

in fact try all issues between and among all parties in as orderly a manner as was possible in this somewhat involved proceeding.

Plaintiff complains of the fact that he was denied a trial by jury on the question of the intervenors' claims. Irrespective of the fact there may be some question as to whether plaintiff waived such right, we find the contention to be without merit. The action was for the appointment of a receiver and for an accounting and was one in equity rather than law. The claims of intervenors were for the purpose of establishing their liens on the moneys in the hands of the receiver, were equitable in nature and were in no way properly triable by jury. Even though we were positive the record shows a demand for jury trial, the lower court committed no error in this respect.

Many pages of plaintiff's brief are devoted to the alleged animosity and prejudice on the part of the trial judge to plaintiff and particularly to plaintiff's counsel. Many of the objections and arguments thereon, together with various rulings and statements by the court, are abstracted—others are not. From our examination of this record the conclusion is inescapable that the trial judge patiently and conscientiously attempted to try this lawsuit in the face of almost constant objections and lengthy arguments in support thereof by plaintiff's counsel. We realize that the cold printed record does not always disclose the atmosphere of the courtroom, but we fail to discover any prejudice or animosity on the part of the trial judge.

Complaint is also made of the fact that the trial judge himself prepared a number of journal entries covering the proceedings before him. The record discloses there was great difficulty in getting counsel for plaintiff to approve earlier journal entries and the trial judge, under such circumstances as this record discloses, cannot be criticized for his attempt to get all issues disposed of and a record thereof made.

Numerous other complaints are urged upon us, such as rulings on the admissibility of evidence, in limiting cross-examination of witnesses and the like, but nothing would be added to the body of our law by a detailed discussion of them. It is sufficient to say that each complaint has been examined and considered and is found to be without substantial merit.

This brings us to the real crux of these appeals, namely, did the court commit error in adjudging the claims growing out of hail insurance premiums and the one portion of Barrow's claim to be prior liens on the proceeds in the hands of the receiver and in ordering him

to pay them? The court's findings with respect to each of these claims have already been summarized. We have examined the evidence before the court concerning them and hold that such findings are supported by substantial, competent evidence. Such being the case they will not be disturbed on appeal and we think the court properly ordered the receiver to pay the claims in question.

In conclusion we wish to state that every contention on the part of plaintiff, even though not taken up and discussed in detail, has received our attention and consideration, but we are unable to find any reversible error in the appeals now before us. The judgment of the lower court as to each of the three intervenors is therefore affirmed.