No. 37,890

FRED BRACK, *Appellant*, v. WALTER KLEWENO, et al., *Appellees.*

No. 37,934

ELMAN BRACK, *Appellant*, v. WALTER KLEWENO, et al., *Appellees.*

No. 37,937

FRED BRACK, *Appellant*, v. WALTER KLEWENO, et al., *Appellees.*

(220 P. 2d 125)

Opinion filed July 8, 1950.

*Hal C. Davis,* of Topeka, argued the cause, and *W. Kenneth· Wilke,* of Topeka, and *Neil Hotchkiss,* of La Crosse, were with him on the briefs for the appellant.

*William S. Norris,* of Salina, argued the cause, and *F. C. Norton* and *H. L. Smither,* also of Salina, were with him on the briefs for appellee Walter Kleweno.

The opinion of the court was delivered by

WERTZ, J.: The three consolidated appeals herein involve only. Fred Brack, plaintiff-appellant, Walter Kleweno, defendant-appellee, and Elman Brack, intervenor-appellant. Appeal No. 37,890 was taken by plaintiff Fred Brack as to defendant Kleweno from the judgment of the trial court and from its order overruling and setting aside an order granting plaintiff a new trial. Appeal No. 37,937 was taken by plaintiff as to defendant from subsequent journal entries filed by the trial court after the appeal·in No. 37,890 had been filed and perfected by plaintiff. Appeal No. 37,934·was taken by Elman Brack, intervenor, from a judgment of the trial court rendered on September 8, 1949, setting aside its order dated July 7, 1949, granting

the parties a new trial and disallowing intervenor's claim to the tenant's share of proceeds from wheat in the receiver's hands. To avoid confusion of parties, we will hereafter refer to appellant Fred Brack as plaintiff, appellant Elman Brack as intervenor, and appellee Walter Kleweno as defendant.

This action, involving a farming partnership accounting, was commenced in June, 1948. The petition alleged that about January 1, 1945, plaintiff and defendant entered into a partnership or joint venture to farm a large acreage of wheat in Ness and Greeley counties; that defendant had not submitted a satisfactory accounting, although demand for the same had been made, and defendant had threatened to harvest the 1948 crop and convert the partnership wheat. The prayer was for appointment of a receiver to take charge of, harvest and sell the wheat, for an accounting of the profits of the partnership, and for a dissolution of the partnership. A receiver was appointed who harvested and sold the wheat and now holds the proceeds from the sale of the 1948 crop subject to court order. On June 24, the court extended the receivership to include an additional 480 acres known as the "Funk land." On September 8, defendant filed his answer and cross petition to which plaintiff filed a motion to make definite and certain. This motion was argued and was by the court on December 8 sustained in part and overruled in part and defendant was granted time to file his amended answer and cross petition.

On December 13, 1948, one Barrow intervened by leave of court, filed his answer and cross petition, and a partial hearing was had on his claim on February 9, 1949, before the issues were joined in the case-in-chief between plaintiff and defendant; on objections by appellant, the hearing was continued until February 21 so that the official court reporter could be present, the court stating that he would hear and try all issues between all parties on that date. The transcript of proceedings does not appear to include all that transpired at the hearing. On February 9 and 10, Wheat Growers Mutual Hail Insurance Company and B. F. Scheuerman filed their intervening petitions. The three intervenors last named are no longer in this case as their rights were determined in the case of *Brack v. Kleweno,* 169 Kan. 93, 216 P. 2d 794.

On February 15, 1949, by leave of the court, intervenor Elman Brack filed his amended answer and cross petition claiming possession of the 480 acre tract (the Funk land) as a tenant of plaintiff, the record title holder, for the 1948 wheat crop.

On February 18, just three days before the date set by the court to try all issues, defendant filed a belated twenty-seven page amended answer and cross petition, the cross petition containing three counts. In this amended answer, defendant admitted the partnership with plaintiff for the years 1945 to 1947 inclusive; denied the partnership during the 1947-1948 crop year; alleged that defendant prepared and planted the ground in 1947 at his own expense; and claimed to be sole owner of the 1947-1948 crop harvested by the receiver. The first count of defendant's cross petition set out at length an accounting covering the crop years 1945 to 1947 and as a result alleged plaintiff was indebted to him in the sum of $41,522.22. In his second count, defendant alleged he was the owner of the 480-acre tract known as the Funk land under an oral agreement with plaintiff; that plaintiff was to have record title to the property as security for purchase money advanced and was to reconvey title to defendant when the loan was paid. This count also involved an accounting. The third count of the cross petition was based on a wrongful receivership and asked that all costs be charged to plaintiff.

On February 21—before the issues were joined between plaintiff and defendant—the intervening petitions of Barrow, Scheuerman, and the Insurance Company were heard over objections of plaintiff. The court also heard the sole issue as to whether a partnership between plaintiff and defendant continued during the 1947-1948 crop year, and found for intervenors, and that the partnership between plaintiff and defendant did continue and exist during the 1947-1948 crop year. From this judgment no appeal was taken. The court then ordered the case-in-chief to trial over plaintiff's objections. Part of plaintiff's two-page objection reads:

". . . If the Court please, on behalf of Fred Brack we hereby object to the trial or hearing for the following reasons:

"In plaintiff's petition filed herein plaintiff alleges a partnership between plaintiff and defendant during 1947 and 1948 crop year, which is denied by the defendant, Walter Kleweno, in his answer. Walter Kleweno filed his answer to plaintiff's petition only a few days ago and plaintiff's attorneys received a copy by mail on Thursday, four days ago. Sec. 60-726 of the Statutes of Kansas provides the plaintiff has ten days after the filing of an answer to file a reply to the answer. At this time that ten days has not expired, and plaintiff now states he does intend to and will file a reply. Sec. 60-2932 of the General Statutes of Kansas provides: 'Actions shall be triable on the issues of fact in ten days after the issues are made up'. We submit . . . the issues are not made up . . ."

Many other objections were made by plaintiff—that he was unable to go to trial by reason of defendant's long belated cross petition raising many new issues, and there was much discussion on this question between counsel and the court. Over these urgent objections of plaintiff, the court ordered the trial to proceed on the issues of the accounting between plaintiff and defendant for the crop years 1945-1948, inclusive. Plaintiff then hurriedly filed his reply and answer to defendant's lengthy amended answer and cross petition. On the same day, at the suggestion of the court, plaintiff and defendant with their counsel entered into a conference and worked until late at night on a stipulation of facts not then reduced to writing and filed in the case. However, on the following day, February 25, each party introduced evidence intermingled with extensive stipulations—consisting of twenty-nine pages in the abstract of record—wherein plaintiff and defendant agreed on the credits and debits existing between them by reason of the farming partnership. On February 26 each party rested his case, whereupon the court took the case under advisement. On May 12, 1949, at a new term of court which began March 14, 1949, the court heard the case involving intervenor Elman Brack and took the same under advisement. On May 31, the court drew and filed a journal entry covering court costs in the sum of $350 to the clerk of the court and $360 to his official court reporter.

· On June 6, 1949, the court drew and filed a nineteen-page journal entry of judgment on all issues. On June 9, plaintiff filed his motion for new trial setting forth fourteen grounds including abuse of discretion by the court, among them his ordering the case to trial before issues were joined, failure of the official reporter to make a full and complete transcript of all proceedings, and other statutory grounds. In support of plaintiff's motion for a new trial, his counsel filed their affidavits which cover twenty pages in appellant's abstract but are not set out in detail here as it would serve no useful purpose to further encumber this already lengthy opinion. The affidavits call attention to the fact that the court failed to consider all the stipulations entered into between counsel for the parties, and that the court considered an accounting between parties outside the farming partnership which was not in issue in the case. One of the lengthy affidavits set forth several conversations had with the court, outside the courtroom and in the absence of opposing counsel, on matters material to the case, and discussion with the court reporter.

as to why she did not report all the proceedings, wherein she said she was working for the court and could only record the remarks she was told to take. Intervenor Brack filed no motion for new trial.

On June 9 defendant filed the following motion:

"Now comes the defendant and moves the court to set aside and vacate Conclusion of Law No. 7 made and entered herein by the court on June 6, 1949, for the reason that the same refers to matters which are not within the issues in this case, and no indebtedness from defendant to plaintiff pleaded by plaintiff with respect to loans or advances which were for other purposes than for the farming partnership operations of plaintiff and defendant, and no recovery was prayed for by plaintiff from defendant in his petition for any indebtedness claimed to be due from defendant to plaintiff on account of other transactions outside of the farming partnership, and for the reason that said conclusion purports to refer to an existing indebtedness from defendant to plaintiff on 'Other Deals' which were not within the farming partnership of plaintiff and defendant, and is not sustained by the findings of fact No. 7 and No. 9 (referred to in said Conclusion of Law No. 7), which said findings of fact No. 7 and No. 9 relate only to money loaned or advanced by plaintiff to defendant in 1945 and 1946, and do not purport to find that an indebtedness in such amounts still exists."

It is apparent that neither plaintiff nor defendant was satisfied with the findings and judgment of the court entered on June 6 affecting the issues between them.

After notice, plaintiff again appeared in court on June 18 to present his motion for new trial. Plaintiff's counsel inquired of the court if the official court reporter for the district was going to be present, and the court answered that no request for her presence had been made; whereupon plaintiff introduced the official court reporter of Judge Stavely from Lyndon, Kan. The court advised plaintiff's counsel that his official reporter lived in Wichita and was in his district only for regular motion days and the regular term, and was not present unless requested at other times; whereupon the court left the bench and further proceedings ended.

The next hearing was on July 7. Plaintiff presented his motion for new trial and defendant presented his motion to set aside certain findings of fact and conclusions of law. However, before counsel for plaintiff had completed their presentation, the court stopped the hearing and announced from the bench that he was granting a new trial as to all issues between plaintiff and defendant on the ground that counsel for the parties disagreed as to what was stipulated in their conference outside the courtroom.

Thereafter and on August 21, 1949, plaintiff filed a motion to

continue the retrial of the issues between intervenor Elman Brack and defendant until the appeals as to other intervenors had been decided by the Supreme Court, and also filed a motion for change of venue on the ground that a new trial had been granted and that the court was biased and prejudiced against plaintiff and his counsel and that a fair and impartial trial could not be had, and in support thereof wished to introduce oral testimony and affidavits.

Before September 8, 1949, counsel for plaintiff received a printed docket from the clerk of the Ness county district court showing a motion for change of venue on the new trial set for September 8, 1949, and further showing the new trial in the case-in-chief between plaintiff and defendant was set for September 12, 1949, the beginning of a new term of court. On September 8, counsel for plaintiff appeared in court to present his motion for a change of venue and also to present a journal entry for approval showing the court's order of July 7 granting the new trial. The judge entered the courtroom and stated that the court reporter would hand counsel for all parties a memorandum he had prepared and the court would recess pending counsels' reading the same, and thereupon left the bench. The court's memorandum, in addition to criticizing plaintiff's attorneys, made new findings of fact as to defendant; contained statements of the court as to affidavits filed by plaintiff's counsel in support of his motion for new trial; set aside its previous order granting a new trial; and ordered dismissed a portion of the first count of defendant's cross petition. This count set forth allegations as to the accounting between plaintiff and defendant. The court also permitted defendant to amend the second count of his cross petition, and sustained defendant's motion to strike from the files motions filed by plaintiff.

The court's memorandum covers over 11 pages of the abstract and will not be recorded here at length. However, a portion reads:

"On July 7, 1949, the Court announced that he would grant a new trial with respect to the partnership as between the plaintiff and the defendant and the Funk land. At that time, the Court had not seen the transcript in this case. Since then the Court has read the transcripts, the affidavit of Mr. Davis, and checked these with the pleadings. The Court is setting aside the order made on July 7, 1949, granting a new trial and denying the motion of the plaintiff for a new trial."

Inasmuch as the record discloses official court reporter trouble and that some of the record was not taken due to the absence of the reporter, we quote from the court's memorandum in part:

"The Court, like other District Judges, believes he shouldn't impose on his Reporter, therefore he has stated to the Reporter she need not take down arguments and discussions between Court and counsel. This is the rule of some District Judges. Where counsel requests the Reporter to take down all arguments and discussions the Court in every instance has granted the request."

Plaintiff filed his notice of appeal September 9, 1949; intervenor Brack's was filed on October 3, 1949. On September 19, 1949, after appeal had been taken to this court, defendant, pursuant to the suggestion of the trial court, filed an amendment to his second count in which he changed the allegations of the original second count in his cross petition and attempted to make his allegations conform to the findings of the trial court as set forth in the "memorandum."

On October 31, after a new term of court commenced and after appeal had been taken to this court, the court filed two journal entries of judgment correcting the former judgment entered June 6 Also on October 31, the court drew and filed the following journal entry:

"Statement of the Court

"This statement was not by the court incorporated in the Journal Entry. It does, however, contain a question which the trial court feels is the crucial point in controversy between the parties, and the one that prevented a settlement. A question the court has spent much time considering *and is still in doubt as to whether or not it made the correct decision.*" (Emphasis supplied.)

In the appeal in case No. 37,890 between plaintiff and defendant on the accounting, plaintiff has alleged fourteen separate specifications of error. Specifications of error 1 and 2 involving the question of the court forcing plaintiff to trial before the issues were joined will be treated together. The original petition was filed June 14, 1948, and on the following December 8, defendant was granted time to file an amended answer and cross petition which was filed February 18, 1949, just three days before the case was ordered to trial. This answer and cross petition covered twenty-seven pages of the abstract, and over the urgent objections of the plaintiff and before he had an opportunity to file a reply, the court ordered the plaintiff to proceed. G. S. 1935, 60-2932 provides that actions shall be triable on the issues of fact ten days after the issues are made up. Inasmuch as this lengthy answer and cross petition injected into this case the first accounting made by the defendant and many new issues not set forth in the original petition of the plaintiff and set forth a new cause of action trying the title to real estate which required addi-

tional investigation on the part of the plaintiff, we cannot say that plaintiff was not prejudiced in his substantial rights in being forced to trial before the issues were joined. Leave should have been granted to plaintiff for additional time to file his reply and to properly prepare his case. (*Harris v. Salt Co.*, 57 Kan. 24, 45 Pac. 58.)

Specifications of error 4, 5 and 7 complain that the court erred in its findings of fact and conclusions of law and in failing to give credit to all stipulations of the parties. The court's first finding of fact states that the plaintiff and defendant had been engaged in buying and selling automobiles and trucks; that plaintiff had furnished the money to finance the deals and they had divided the profits. This action between plaintiff and defendant was predicated upon a farming partnership, and no issue was drawn on any other partnership transaction. It is apparent from the portions of the record before us that the court in making its findings of fact and conclusions of law considered transactions of a partnership nature between plaintiff and defendant on other matters not relating to the farming partnership which were not set forth in the pleadings. This is borne out by the plaintiff's motion for a new trial and his motion to set aside findings of fact and conclusions of law, as well as the defendant's motion to set aside certain findings of fact and conclusions of law. These motions are partly based on certain stipulations dictated into the record by the parties as to credits and debits. It appears that neither plaintiff nor defendant was satisfied with the judgment of the court and apparently the court was not satisfied either, for on July 7, on his own motion and before a final presentation of their motions was made by counsel, he stopped the proceedings and announced from the bench that he was granting a new trial as to all issues between the parties on the ground that the parties could not agree on the stipulations of fact. Even as late as October 31, 1949, the court made the statement that he was still in doubt as to whether he had made the correct decision in the case.

It undoubtedly would have been better practice for counsel to have reduced their stipulations to writing and filed them with the court. From the record submitted, this court is unable to ferret out in any intelligible order the many stipulations intermingled with extensive testimony which cover twenty-nine pages of the abstract. It appears from the record in the case that plaintiff and defendant were unable to agree *in toto* as to what the stipulations really were.

As an example of the stipulations entered, we quote a portion of one:

"It is further stipulated that all checks introduced in the last two days by the plaintiff are proper partnership expenses, except the checks listed in defendant's answer which set forth they are advancements. It is further stipulated that the advancements set forth in defendant's cross petition are also to be considered partnership expenses and advancements."

How can this court determine what checks were introduced in the last two days? How can we determine what the advancements were which were set forth in defendant's cross petition which are to be considered partnership expense and advancements? Many of the stipulations entered are just as ineffective as the one quoted.

Plaintiff next assigns as error the ruling of the trial court on September 8 wherein he set aside his previous order of July 7 granting the parties a new trial. It must be conceded that the judgment of the court on February 26, 1949, finding that the farming partnership between plaintiff and defendant existed during the years 1945 to 1948, inclusive, was a final order from which there was no appeal within the time provided by law, and that order became a final judgment in this action, and determined the duration of the partnership; and the judgments of the court entered on July 7 and September 8 had no effect thereon.

Plaintiff next takes exception to the memorandum opinion filed September 8. Plaintiff had filed three affidavits in support of his motion for a new trial. These affidavits were made by plaintiff's counsel who participated in the trial. They were very lengthy and as heretofore related, alleged facts, if true, showing bias and prejudice of the court and a failure of the court reporter to be present on some occasions and when present on other occasions failing to record all of the proceedings; referred to conversations had with the court outside the courtroom and in the absence of opposing counsel; and included many other statements which will not be recorded here. After the new trial had been granted on July 7, plaintiff's counsel filed a motion for change of venue which was set for hearing on September 8; counsel appeared on that date for the purpose of presenting a motion for change of venue; the court while hearing the motion had his reporter deliver to counsel for all parties his memorandum opinion (consisting of eleven pages in the abstract) wherein the court answered the mentioned affidavits filed by counsel and criticized certain counsel on their actions including their abilities; made some corrected findings of fact and corrections of the judgment entered on the previous June 6. The court then

permitted defendant to amend the second count of his cross petition in keeping with findings made by the court, and ordered dismissal of the first count of defendant's cross petition which set forth the accounting between plaintiff and defendant.

It has been a laborious undertaking for this court to carefully examine the ten separate volumes of the record in this case consisting of abstracts, counter abstracts, briefs of appellants, briefs of appellee, supplemental abstracts and briefs, totalling in all 870 pages and 30 pages of appendices. After concluding such examination, we are of the opinion—in view of what has been said—that plaintiff and defendant did not have such a trial as was contemplated by statute. The judgment in case No. 37,890 between plaintiff and defendant as to the farming partnership and title to the Funk land is reversed and remanded with directions to grant a new trial therein.

In view of our holding in the above case, the appeal in case No. 37,937 taken by plaintiff as to posttrial journal entries entered by the lower court is dismissed as being moot.

As to the appeal in case No. 37,934 taken by intervenor Brack from the judgment of the trial court rendered on September 8, the lower court tried the issues between plaintiff, defendant and intervenor on May 12, 1949, and rendered its judgment on June 6, 1949, finding in favor of intervenor on certain issues and against him on others. No motion for a new trial was filed by the intervenor nor was any motion filed objecting to any of the findings of fact or conclusions of law affecting said intervenor. On July 7, plaintiff presented his motion for a new trial and defendant presented his motion to set aside certain findings of fact and conclusions of law, which were sustained by the court, the court granting a new trial on the issues between plaintiff and defendant and the Funk land which involved title as between plaintiff and defendant. We find no place in the record where it can be clearly inferred that the court granted intervenor a new trial. He certainly did not ask for one and no one presented a request to the court in his behalf. It is not contended that any statement made by the court indirectly granted a new trial to any other intervenors and we are unable to say that a new trial was granted to this intervenor in such manner. No motion for a new trial having been filed by intervenor Brack, there is nothing here upon which this court can base any other decision than that of dismissal of the appeal in case No. 37,934.

It is so ordered.