### 21912

Stanley WINDHAM, Respondent-Appellant, v. Hazel M. HONEYCUTT, also known as Elizabeth Hazel Black Honeycutt, formerly known as Hazel M. Black, Appellant-Respondent.

(302 S. E. (2d) 856)

*James R. Honeycutt,* Fort Mill, *for appellant-respondent.*

*Hayes, Brunson & Gatlin,* Rock Hill, *for respondent-appellant.*

May 3, 1983.

NESS, Justice:

This is an action for specific performance of a real estate contract brought by respondent buyer against appellant

seller. The trial judge found the buyer entitled to specific performance. We affirm.

First, appellant asserts the trial court erred in hearing the matter in less than ninety days from the date of the initial pleadings in violation of Circuit Court Rule 26(7)(e). The record reveals appellant not only failed to object, but affirmatively agreed to the hearing date; she has thus waived and is estopped to pursue the issue. *American Hardware Supply Co. v. Whitmire*, S. C., 300 S. E. (2d) 289 (1983); *Rosamond Enterprises, Inc. v. McGranahan*, S. C., 299 S. E. (2d) 337 (1983).

Next, appellant contends the trial court erred in excluding evidence of an oral modification of the written contract of sale.

Generally, a contract required to be in writing by the Statute of Frauds, S. C. Code Ann. § 32-3-10 (1976), cannot be orally modified. See *Conran v. Yager*, 263 S. C. 417, 211 S. E. (2d) 228 (1975). The trial court properly excluded evidence of any oral modification of the real estate contract as violative of the Statute of Frauds.

Finally, appellant alleges the trial court erred in allowing respondent to amend his complaint to allege special damages and in awarding special damages.

Appellant's exception does not properly raise the amendment issue. However, even were the exception not defective, we find no error. Amendments of pleadings are generally within the discretion of the trial court, and his ruling will not be disturbed absent abuse of that discretion. *Lipscomb v. Poole*, 247 S. C. 425, 147 S. E. (2d) 692 (1966).

While the trial judge did not rule on the amendment until his final order, he awarded no special damages. Rather, he retained jurisdiction to decide the issue at a future hearing. Respondent concedes the future hearing will determine de novo the issue of his entitlement to special damages, as well as the amount, if any. Appellant will have ample opportunity to meet the new allegation, and thus her rights have not been prejudiced.

Affirmed.

LEWIS, C. J., and LITTLEJOHN, GREGORY and HARWELL, JJ., concur.