0226

FAITH HOLINESS CHURCH, Robert J. Matthews, Robert Coker, and Sam Floyd, as Members and Trustees of the Faith Holiness Church, and Lindy M. Matthews, Jack Clark, Carolyn Clark, Willie Lynch, Mendell Barfield, Mary A. Parrott, Mamie Collins, Angela McGee, Judy Ward, Teresa Ward, Essie Hill and Jewel Floyd, Respondents, v. CHURCH OF GOD AT SCRANTON, a/k/a Faith Church of God, the Local Board of Trustees of the Church of God at Scranton, the State Board of Trustees of the Church of God in South Carolina, the Church of God (having general headquarters in Cleveland, Tennessee) and Rev. Ben B. Hicks, of whom all but Robert J. Matthews and Sam Floyd are Appellants.

(319 S. E. (2d) 448)

Court of Appeals

*Louis D. Nettles,* Florence, *for appellants.*

*Karl A. Folkens* and *Michael L. Morgan,* Florence, and *Charles E. Godwin,* Lake City, *for respondents.*

Aug. 8, 1984.

*Per Curiam:*

This is an action for a declaratory judgment and for cancellation of a deed brought by the Faith Holiness Church, its trustees, and several of its members (hereafter, simply "Faith Holiness Church"). The action is brought against the Church of God at Scranton, its trustees, its minister, two of its members, the State Board of Trustees of the Church of God in South Carolina, and the Church of God headquartered in Cleveland, Tennessee (hereafter, simply "Church of God"). By its action, the Faith Holiness Church seeks possession and title to certain church property located in Scranton, South Carolina. The trial court held that the Faith Holiness Church was entitled to the church property and enjoined the Church of God from conducting services and other activities upon it. The latter appeals. We reverse the judgment and remand the case to the Court of Common Pleas for Florence County for trial.

Although the appeal by the Church of God raises a number of questions, the only issue with which we deal concerns whether the Court of Common Pleas possesses jurisdiction to schedule for trial an action in equity in which the initial pleading was filed less than ninety (90) days prior to the roster meeting and there is no certificate in writing from counsel for both sides addressed to the Clerk of Court that all issues are joined and the case is ready for trial and, if so, whether the Court of Common Pleas possesses jurisdiction to determine the action where, over objection of a party, the trial judge tries a portion of the case when the court is in vacation.

The Faith Holiness Church instituted its action on July 10, 1981; however, the complaint was not filed until July 13, 1981. Sometime thereafter, the record does not say, the case was scheduled to be heard on its merits on October 6, 1981, during a nonjury term that was to begin on October 5, 1981. According to the record, the Clerk of Court never conducted a roster meeting; rather, the trial judge himself "held the roster meeting by simply reviewing" the File Book. Presumably, the trial

judge also prepared the roster of cases for trial.

On October 6, 1981, when the trial judge called the instant case, the Church of God objected to the case being tried at that time. The Church of God argued in support its objection that Rule 26-7(e) of the Circuit Court Rules precluded the case from being called for trial on October 6, 1981, because the initial pleading had been filed less than ninety (90) days prior to any meeting that could properly have been called for the purpose of preparing "a roster of cases for nonjury trial." *See* CIRCUIT COURT RULES Rule 26-7(a). The trial judge, after concluding that the provisions of Rule 26-7(e) did in fact operate to bar the trial of the case on that date, thereupon continued the case; however, over the Church of God's objection, he rescheduled the case to be tried during the following week when the court was in vacation.

■ An action can neither be legally tried nor scheduled for trial where a statute prescribes that a specific period of time shall elapse before the case is triable. 88 C.J.S. *Trial* § 30 at 79 (1955); *Harn v. Interstate Building & Loan Co.,* 68 Okl. 227, 172 P. 1081 (1918); *see Ison v. Travis,* 212 Ga. 335, 92 S. E. (2d) 518, 519 (1956) (statute prohibiting trial of an action less than twenty (20) days "after service" unless the parties consent in writing to an earlier trial is not violated where case is tried more than twenty (20) days "after service"); *Simms v. Sampson,* 221 N. C. 379, 20 S. E. (2d) 554 (1942) (a case is not at issue until ten-day period following filing of the answer has expired unless provisions of statute waived by consent of the parties); *cf. Brack v. Kleweno,* 169 Kan. 569, 220 P. (2d) 125 (1950) (a new trial is required where party made to prosecute or defend an action on its merits before issues are joined). But a party who fails to object to the trial of a case and affirmatively agrees to its trial at a designated time cannot later assert that the trial court erred in trying the case before the close of the statutory period. *Windham v. Honeycutt,* 279 S. C. 109, 302 S. E. (2d) 856 (1983).

In this state, Circuit Court Rule 26-7(e) provides that "[c]ases in which the initial pleading was filed less than ninety (90) days prior to the roster meeting shall not be called and placed on the ... nonjury trial roster unless counsel on both sides certify in writing to the Clerk of Court that all issues are joined and the case is ready for trial;" and Circuit Court Rule 26-7(a) provides that the Clerk of Court "shall call a meeting

of the attorneys having pending civil cases listed in the File Book not more than thirty (30) nor less than ten (10) days prior to commencement of any one or more consecutive weeks of circuit civil court for the purpose of preparing a roster of cases for ... nonjury trial...."

Obviously, ninety (90) days had not elapsed between July 13, 1981, the date on which the complaint in this action was filed with the Clerk of Court, and September 25, 1981, the latest date on which a roster meeting could properly have been conducted to set the nonjury roster for a term beginning on October 5, 1981. Indeed, ninety (90) days had not elapsed as of October 6, 1981, the date on which the trial court continued the case and rescheduled it for trial.

It was premature, therefore, for the trial judge to assign the case for trial absent a certificate from counsel for both churches addressed to the Clerk of Court that all the issues were joined and the case was ready for trial. Because the record manifests that the Church of God objected to the case being tried at that time, the trial judge committed prejudicial error in setting the case for trial and proceeding to hear it at the scheduled time. *Harn v. Interstate Building & Loan Co.*, *supra*. As a matter of fact, the case should not have been on the trial roster in the first place. CIRCUIT COURT RULES, Rule 26-7(e).

We need not reach, then, the question concerning whether the trial court had jurisdiction to try the case or a portion thereof during vacation. *See* 64 C. J. *Trial* § 53 at 60 (1933) ("Generally speaking, a judge has power to try an action ... in vacation when, and only when, the power has been conferred on him by a constitutional provision or valid statutory provision and the action ... in question is within such provision"); *compare* S. C. Code of Laws § 14-5-350 (1976) (which prescribes powers for judges at chambers) and *Id.* § 15-1-200 (which also prescribes powers for judges at chambers).

Accordingly, the judgment of the trial court is reversed and the case remanded for trial.

Reversed and remanded.