23571

SUB STATION II OF TENNESSEE, INC., and Robert A. Galiano, Jr., Respondents v. James O. OLIVER, Sr., Appellant.

(414 S.E. (2d) 141)

Supreme Court

*John E. Miles*, and *M.M. Weinberg, Jr.*, of *Weinberg, Brown & McDougall*, Sumter, *for appellant*.

*J. Edward Bell, III*, of *Bell & Bagley*, Sumter, *for respondents*.

Heard Dec. 4, 1991.

Decided Feb. 10, 1992.

HARWELL, Justice:

Respondents Sub Station II of Tennessee, Inc., and Robert A. Galiano, Jr., initiated this breach of contract action against appellant James O. Oliver, Sr., for nonpayment of a promissory note. The jury returned a verdict in favor of respondents. On appeal, appellant raises various procedural and evidentiary issues. We reverse and remand for a new trial.

## I. FACTS

Sub Station II, Inc., is a national submarine sandwich fast food restaurant chain. Galiano, through his corporation, Sub Station II of Tennessee, Inc. (Sub Station II), owned the franchise rights for the State of Tennessee. On September 1, 1984, Oliver and Sub Station II executed a contract of sale in which Oliver agreed to purchase the franchise rights for #70,000. Pursuant to the contract, Oliver paid $20,000 down and executed a promissory note for $50,000, payable in three annual installments. During the next three years, Oliver made only a few small payments on the outstanding balance due on the note. As a result, Sub Station II and Galiano instituted this action for breach of contract against Oliver to recover the bal-

ance due on the promissory note. Oliver denied liability on the note and counterclaimed for fraud.

At the close of all the evidence, Sub Station II moved to dismiss Oliver's counterclaim for failure to state a cause of action on the ground that Oliver had failed to plead the materiality element of fraud. Sub Station II also moved for a directed verdict on the counterclaim. Oliver moved to amend his pleading to conform to the proof under Rule 15(b), SCRCP. Oliver also requested leave to amend to add two additional causes of action. The trial judge granted Sub Station II's motion to dismiss the counterclaim and motion for a directed verdict and denied Oliver's motions for leave to amend. The case was submitted to the jury on Sub Station II's claim that Oliver had breached the promissory note by nonpayment. The jury returned a verdict in favor of Sub Station II and against Oliver in the amount of $49,000. Oliver appeals.

## II. DISCUSSION

Oliver contends that the trial judge erred in granting Sub Station II's motion for a directed verdict on the counterclaim. We agree.

In ruling on a directed verdict motion, the trial judge must view the evidence and all reasonable inferences in a light most favorable to the nonmoving party, and if more than one reasonable inference can be drawn from the testimony, the case should be submitted to the jury. *Santee Portland Cement Co. v. Daniel Int'l Corp.*, 299 S.C. 269, 384 S.E. (2d) 693 (1989). Here, the trial judge directed a verdict on the counterclaim on the ground that the evidence of fraud was not clear, cogent, and convincing. However, the issue of whether the evidence of fraud was clear, cogent, and convincing was a question for the jury. In considering the motion for directed verdict, the trial judge should have considered only whether the evidence was susceptible to more than one reasonable inference.

The following evidence of fraud was presented. Oliver testified that Galiano showed him a computer printout which he represented as showing the financial condition of the Tennessee stores; that the information contained in the printout was false; that he had a right to and

did rely on the printout; and that he lost $250,000 as a result of the reliance. In addition, Al Barrineau, both parties' accountant, testified that Galiano showed Oliver a computer printout which he represented as showing the gross receipts of the Tennessee stores. Based on this testimony, we conclude that the evidence was susceptible to more than one reasonable inference and therefore, that the case should have been submitted to the jury.

Oliver also contends that the trial judge erred in ■ dismissing his counterclaim for failure to state a cause of action. We agree. The trial judge granted Sub Station II's motion to dismiss the counterclaim on the ground that Oliver had failed to plead the materiality element of fraud. We have reviewed the counterclaim and hold that Oliver clearly alleged that the representation was material.[1]

Because we are granting appellant a new trial, we need not address his remaining exceptions.

Reversed and remanded.

GREGORY, C.J., and CHANDLER, FINNEY and TOAL, JJ., concur.

---

[1] Although the counterclaim does not specifically state that the representation was material, the counterclaim does allege that: "had he seen the proper printouts the sales price of the franchises would have been considerably less."