1862

Debra S. PASCHAL, Respondent v. Sharon Michele CAUSEY,
Angel Crane and Connie M. Crane, Appellants.

(419 S.E. (2d) 863)

Court of Appeals

*C. Mitchell Brown,* of *Nelson, Mullins, Riley & Scarborough,* Columbia, *Michael L. Wetzel.* of *Wetzel & Carroll,* Stone Mountain, Ga., and *Stephen P. Hughes,* Beaufort, *for appellants.*

*James H. Moss,* Beaufort, *for respondent.*

Heard June 11, 1992; Decided Aug. 10, 1992.

Reh. Den. Sept. 15, 1992.

CURETON, Judge:

This is a negligence case arising out of an automobile accident. Debra Paschal was a passenger in an automobile driven by Angel Crane. The automobile was owned by Angel Crane's mother, Connie Crane. An accident occurred when the Crane vehicle and a car driven by Sharon Causey collided. Debra Paschal suffered personal injuries. The jury returned a verdict against Sharon Causey and the Cranes in the amount of $350,000 actual damages. Causey and the Cranes appeal on several different grounds. We affirm.

## I.

Both Causey and the Cranes assert the circuit court lacked subject matter jurisdiction over the case because it was tried less than 120 days from the date of the filing of the amended complaint which added the Cranes as defendants. They rely upon Rule 40(b)(2), SCRCP. We find no merit to this contention.

The accident occurred on March 23, 1987. Paschal sued Causey on June 16, 1988. After discovery was conducted, Paschal filed a motion to amend her complaint to add the Cranes as defendants. The motion was granted on February 1, 1990. The Cranes were subsequently served and the trial began on April 9, 1990. There is no indication in the record the Cranes pursued discovery during the time between their addition as parties and the trial. No objection or motion for continuance was made by either Causey or the Cranes. The issue of subject matter jurisdiction was first raised when the record was settled on appeal.[1]

Rule 40(b)(2), SCRCP, provides as follows:

The clerk may place an action on the jury trial roster or the nonjury trial roster 120 days after the filing of the initial pleading in the action. Notwithstanding the foregoing, *no action may be set for trial until 120 days after fil-*

---

[1] The Cranes also appealed the failure of the trial judge to include their motion to relieve them from judgment in the appellate record. This motion was filed after the trial and was based upon the contention of lack of subject matter jurisdiction. They included the material in an appendix. We do not find it necessary to address this procedural matter due to our disposition of the issue of subject matter jurisdiction.

*ing of the later of the original complaint or the last plead-*
*ing which adds a new party to the action, unless counsel*
*for all parties certify in writing to the clerk of court that*
*all issues are joined and the action is ready for trial.*
(Emphasis added.)

No party gave written certification to the clerk of court. Additionally, no party made a motion for continuance or called the court's attention to the rule during the trial.

Subject matter jurisdiction of a court depends upon the authority granted to the court by the constitution and laws of the state. Subject matter jurisdiction cannot be waived or conferred by consent. *Anderson v. Anderson,* 299 S.C. 110, 382 S.E. (2d) 897 (1989); *American Agricultural Chemical Co. v. Thomas,* 206 S.C. 355, 34 S.E. (2d) 592 (1945).

Contrary to the assertion of the appellants, Rule 40 does not involve subject matter jurisdiction. Rather, the rule deals with a procedural right. It provides parties a period of time to prepare the case. However, this right may be waived. The South Carolina Supreme Court addressed Circuit Court Rule 26, the predecessor to South Carolina Rule of Civil Procedure 40, in *Windham v. Honeycutt,* 279 S.C. 109, 302 S.E. (2d) 856 (1983). the court held a party waived the right to the application of the 90-day period under the prior rule when the party failed to object and affirmatively agreed to the hearing date. *Id.* The appellants in this case also waived the procedural protection of the present rule when they failed to object or seek a continuance. "[A] party who fails to object to the trial of a case and affirmatively agrees to its trial at a designated time cannot later assert that the trial court erred in trying the case before the close of the statutory period." *Faith Holiness Church v. Church of God,* 282 S.C. 487, 489, 319 S.E. (2d) 348, 349 (Ct. App. 1984) (citing *Windham v. Honeycutt*).

## II.

The Cranes assert the trial court committed reversible error when it admitted the deposition of a treating physician of Miss Paschal as evidence at trial. The doctor resided out of state and his deposition was taken during discovery. When the deposition was taken, the Cranes were not parties to the

case.[2] They assert Rule 32(a), SCRCP, prevents the use of the deposition against them at trial. We find no error.

Rule 32(a), SCRCP, provides in part:

> At the trial . . . any part or all of a deposition . . . *may be used against any party* who was present or represented at the taking of the deposition or who had reasonable notice thereof. . . . (Emphasis added.)

Counsel for the Cranes generally objected at trial to the use of the deposition. The deposition concerned Miss Paschal's injuries, including the cost of treatment and the need for further surgery. Counsel for the co-defendant, Miss Causey, was present when the deposition was taken and cross-examined the doctor.

We are not inclined to adopt a per se rule of exclusion ■ of a deposition in this type of situation. Rather, we view this as an evidentiary issue which requires the trial judge to exercise his discretion. *See Lucas v. Sara Lee Corp.,* — S.C. —, 415 S.E. (2d) 837 (Ct. App. 1992) (admission of evidence). As such, we will not disturb the exercise of the judge's discretion unless we find an abuse of discretion.

The treating physician was not a liability witness. His ■ testimony related to the injuries suffered by Paschal and was relevant to the damages aspect of the case. As to damages, the Cranes and Causey had a common interest. At trial, counsel for the Cranes did not specify any areas of inquiry he would have pursued which were not addressed by counsel for Causey.[3] Given the record, we find no abuse of discretion by the trial judge in the admission of the deposition testimony.

---

[2] An attorney was monitoring the case on behalf of the Cranes' underinsured motorist carrier at the time the deposition was taken but the attorney did not participate in the deposition. It appears he did have access to the contents of the deposition. This same attorney undertook the liability defense of the Cranes when they were added as parties. The record does not indicate the Cranes ever noticed the doctor's deposition after they became parties. Under Rule 30(a)(2), SCRCP, a witness's deposition may only be taken one time in any case "except by agreement of the parties . . . or by order of the court for good cause shown." The Cranes could have applied to the court to take the doctor's deposition if they felt it necessary to explore areas of inquiry not covered by the previous deposition.

[3] Appellate counsel for the Cranes was not trial counsel. However, appellate counsel is bound by the actions of trial counsel since the appellate court will

## III.

Both Causey and the Cranes appeal the trail court's denial of their respective motions for directed verdict and judgment notwithstanding the verdict. We find no error as to any appellant.

In considering these trial motions, both the trial court and the appellate court must view the evidence and all reasonable inferences which may be drawn from it in the light most favorable to the party opposing the motion. If more than one reasonable inference can be drawn from the evidence the case must be submitted to the jury. *Tubbs v. Bowie,* — S.C. —, 417 S.E. (2d) 550 (1992); *SubStation II of Tennessee v. Oliver,* — S.C. —, 414 S.E. (2d) 141 (1992).

As to Miss Causey, the evidence created a jury issue. The accident occurred on a two-lane road. The Crane vehicle and the Causey vehicle were approaching each other from opposite directions. Angel Crane testified Causey made an abrupt left turn directly in front of her. Neither Miss Causey nor Miss Paschal remembers the accident. No other witnesses saw the accident. Pictures of the scene and the damaged cars were submitted to the jury. We find no error by the trial court in submitting the issue of Miss Causey's negligence to the jury.

As to Angel Crane, two witnesses testified they saw her speeding and passing vehicles in a no-passing zone a short distance from the accident scene. There was no relevance objection to this testimony. Miss Crane denied speeding or improperly passing before the accident. The investigating officer testified Miss Crane told him at the scene she applied her brakes before the accident. There were no skid marks. Miss Crane testified the Causey vehicle turned in front of her and she had no time to apply her brakes. Because Miss Crane's testimony was contradicted, the believability of her version of what occurred became an issue for the jury. Therefore, the trial court did not err in submitting the issue of

---

not consider matters not presented to and ruled upon by the trial court. *Price v. Pickens County,* — S.C. —, —, 416 S.E. (2d) 666, 668 (Ct. App. 1992) (Davis Adv. Sh. No. 10 at 9). In any event, we have examined the deposition testimony and the unexplored areas of inquiry raised by appellate counsel in the brief. We do not find sufficient grounds to reverse the decision of the trial court.

the Cranes' negligence to the jury.[4] *See Umhoefer v. Bollinger*, 298 S.C. 221, 379 S.E. (2d) 296 (Ct. App. 1989) (evidence of speeding and weaving in and out of traffic before accident).

## IV.

Both Causey and the Cranes appeal from the trial court's denial of their motions for new trial based upon the excessiveness of the verdict. We find no error.

■ We note first the distinction to be made between new trial motions directed solely to the excessiveness of the verdict.

If a verdict is excessive in the sense it may be considered unduly liberal, the trial judge alone has the power and responsibility to set aside the verdict absolutely or reduce it by granting a new trial nisi. The appellate court will not set aside a verdict for undue liberality. On the other hand if a verdict is so grossly excessive and shockingly disproportionate that it indicates the jury was motivated by passion, caprice, prejudice, or other consideration not founded on the evidence then it is the duty of the appellant court to set aside the verdict absolutely.

*Caldwell v. K-Mart Corp.*, — S.C. —, —, 410 S.E. (2d) 21, 25 (Ct. App. 1991) (citations omitted).

■ Miss Paschal was a college student at the time of the accident. She suffered ligament and bone damage to her right ankle and cuts in several places. Her jaw was injured but not broken. She spent two days in the hospital and returned to Alabama with her leg in a cast. She was treated by orthopedic surgeons in Alabama and had surgery on her ankle to relieve nerve damage. Her treating physician testified she will need bone fusion surgery in the future to relieve continued pain and add stability to her ankle. He gave her an impairment rating of 30-40% of the lower extremity. She is limited in her physical activities by the ankle injury due to pain, swelling, and instability. Paschal estimated a 30% to 40% loss of motion in her ankle. Her medical expenses totalled ap-

---

[4] Connie Crane was joined as a defendant under the family purpose doctrine. No separate issue is presented on appeal concerning her liability.

proximately $8,000 and future anticipated expenses of $5,000 for the fusion surgery. Photographs were submitted to the jury showing the condition of her ankle during her recovery.

There is an indication in the record the jury deliberations were contentious. The trial judge, with consent of counsel, called the jury back into the courtroom and gave them further instructions regarding their obligations. We know there are often disagreements between jurors as they weigh the issues of liability and damages. Upon this record, we cannot say the indication of disharmony within the jury provides a sufficient basis to award a new trial based upon the size of the verdict rendered. Further, while the award may have been liberal we cannot say it is so grossly excessive to indicate passion, caprice, prejudice or other considerations that would entitle the appellants to a new trial. *Cf. Caldwell*, — S.C. —, 410 S.E. (2d) 21 ($75,000 actual damages verdict in false imprisonment case); *Broom v. Southeastern Highway Contracting Co. Inc.*, 291 S.C. 93, 352 S.E. (2d) 302 (Ct. App. 1986) ($500,000 verdict with actual damages of $7,500); *Dunn v. Charleston Coca-Cola Bottling Co.*, — S.C. —, 415 S.E. (2d) 590 (Ct. App. 1992) ($165,000 award in contaminated drink case).

Affirmed.

GARDNER and BELL, JJ., concur.

